## LEVY v. ISRAELITE HOUSE OF DAVID.

1. NEGLIGENCE—PERSONAL INJURIES—PLEADING—VIDELICET — VARIANCE—DIRECTED VERDICT.

In an action for personal injuries alleged to have been received on the occasion of a certain exhibition given by defendant, where the date was stated in the declaration, under a videlicet, to be July 20th, but defendant's testimony definitely fixed the date as a week later, its motion for a directed verdict because of the discrepancy in the date was properly overruled; there being no claim of surprise and no dispute as to the occasion, which was controlling rather than the date.

2. SAME—CONTRIBUTORY NEGLIGENCE — EVIDENCE — SUFFICIENCY — QUESTION FOR JURY.

In said action, testimony on behalf of plaintiff that defendant's stand, to which she had paid an admission fee, was not lighted on the occasion of the accident, that by reason of the darkness plaintiff was unable to see a drop or step of 14 inches in the aisle, which resulted in a fall and serious injury to her, held, to present a question of fact for the jury, and the trial judge was not in error in refusing to direct a verdict for defendant based on plaintiff's contributory negligence.

3. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE TO BE ACCEPTED MOST FAVORABLY TO APPELLANT.

Upon a motion by defendant to direct a verdict, either generally or on a special subject, the testimony and all legitimate inferences which may be drawn from it most favorable to plaintiff must be accepted.

4. SAME.

Where it cannot be said that there was no testimony of permanent injury upon which to base a verdict in favor of plaintiff, the judgment thereon will not be interfered with, on error, although the testimony was meagre and not convincing to this court; especially where the trial judge directed a new trial unless plaintiff remitted $3,500 from the $4,500 verdict.

5. New Trial—Newly-Discovered Evidence.

 A motion for a new trial on the ground of newly-discovered evidence was properly denied, where the action was commenced in September, was not tried until the following March, and reasonable diligence on the part of defendant should have discovered it before the trial.

Error to Berrien; White (Charles E.), J. Submitted October 7, 1921. (Docket No. 65.) Decided December 21, 1921.

Case by Dorothy Levy against the Israelite House of David for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*O'Hara & O'Hara* and *John J. Sterling*, for appellant.

*Cady & Andrews*, for appellee.

Fellows, J. Defendant conducts an amusement park near the city of Benton Harbor. Among its attractions is an artificial lake or pond where aquatic exhibitions are given. By its side is a platform or stand with seats to which an admission fee of 10 cents is charged. In the aisle leading down to the front seats is a drop or step of 14 inches. It is the claim of the plaintiff that on the occasion of the accident she in company with her husband and some friends visited defendant's amusement park; that sometime after 9 o'clock they went into this stand to witness an exhibition on the lake, her husband paying the admission fee for the party; that she had never been there before; that the place was dark; that in going down the aisle she suffered a fall when she reached the step which she could not see by reason of the darkness, resulting in injuries for which she seeks recovery in this case. It is her claim that she

was then pregnant and as a result of the accident suffered a miscarriage a few days later; that she had another miscarriage about three weeks before the trial and had other injuries directly attributable to the accident in question.   A judgment in her favor is here reviewed by defendant under numerous assignments of error.

1. Plaintiff and her witnesses fix the occasion as an exhibition of a man walking on the water and when there were fireworks.   They fix the date as July 20th.   As to the date, plaintiff's counsel, after defendant had put in its proof, conceded that they were in error.   Defendant's testimony definitely fixed the exhibition as a week later.   It moved for a directed verdict because of this discrepancy in dates.   The trial court very properly overruled this motion.   Plaintiff's testimony definitely fixed the occasion; defendant's witness unequivocally admitted that such an exhibition took place but fixed it a week later; there was no claim of surprise or request for a continuance of the case.   The date was stated in the declaration under a videlicet.   The occasion and date were both definitely fixed by the testimony, some coming from the plaintiff's witnesses and some coming from defendant's witnesses.   As held by the court the mistake of plaintiff's witnesses in the date might be considered by the jury as affecting their credibility but it did not defeat plaintiff's right of recovery.   The occasion rather than the date was here controlling and for that reason there was likewise no error in refusing to submit a special question as to the date to the jury.

2. It is insisted that plaintiff was guilty of contributory negligence as matter of law and for this reason defendant was entitled to a directed verdict.   We cannot agree with this contention.   Plaintiff and her witnesses all testify that there were no lights on the

stand, that it was dark.    Defendant's witnesses con-
tradicted this.    It must be borne in mind that plain-
tiff was not a trespasser.    This was a place of public
amusement provided by defendant for those who paid
an admission fee.    The instant case is so similar in
its facts to the case of *Branch* v. *Klatt*, 165 Mich. 666,
that it must be held to be controlled by it.    In that
case this court, speaking through Mr. Justice STONE,
said:

"This was a place where the public were invited.
Can it be said, as a matter of law, that a person
seeking to leave a public theater, and following the
only path leading to an exit, should apprehend that
that path contained an unsafe place or a pitfall, or the
like, and yet such was claimed to be the condition of
the plaintiff's only path of egress at the time in ques-
tion, as appears from her testimony.    We think, to
say the least, that, under the evidence, this question
was one for the jury under proper instructions, and
that the trial court erred in directing a verdict for
the defendant (citing numerous cases)."

3. Defendant's counsel requested the trial judge to
instruct the jury that there was no evidence of a per-
manent injury—to direct a verdict on this subject.
The trial judge declined so to do.    A verdict of $4,500
was rendered by the jury.    Upon a motion by defend-
ant to direct a verdict, either generally or on a special
subject, the testimony and all legitimate inferences
which may be drawn from it most favorable to plain-
tiff must be accepted.    Having this rule in mind, and
it is a rule that has been recognized on so many oc-
casions that a citation of authorities is unnecessary,
we are not persuaded that there was *no* testimony
from which such inference might not be drawn.    True,
it was meagre and not convincing to us, nor was it con-
vincing to the trial judge, who, on a motion for a new
trial, held that the verdict was excessive and in his
opinion he clearly indicated that in his judgment the

claim of permanent injury was not well founded. He therefore directed a new trial unless plaintiff remitted $3,500 from the verdict. We are not convinced that we should require further reduction or in any way interfere with his conclusion.

4. Another ground of the motion for a new trial was newly-discovered evidence. There were affidavits and counter-affidavits on this subject. We do not think the trial judge abused his discretion in denying this branch of the motion. The suit was commenced in September, 1919, and was not tried until the following March. A reasonable amount of diligence on the part of the officers of defendant should have discovered this testimony before the trial.

The trial judge made a proper disposition of the case and the judgment must be affirmed.

STEERE, C. J., and MOORE, WIEST, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.