WILHELM KROGER, APPELLANT, V. GORDON FIREPROOF WAREHOUSE & VAN COMPANY ET AL., APPELLEES.

FILED JANUARY 13, 1922.   No. 21712.

1. Contributory NEGLIGENCE: QUESTION FOR JURY. On an issue of plaintiff's contributory negligence, where the facts, as disclosed by the evidence, were such that different minds might draw different conclusions, the question was properly submitted to the jury.

2. Negligence: INSTRUCTION: BURDEN OF PROOF. Where, in an action founded on negligence, the jury were instructed that, if the plaintiff proved by a preponderance of the evidence the negligence of the defendant charged in the petition, that it was the proximate cause of his injury, and the amount of damages he suffered, if any, he was entitled to recover; but that, if the jury found by a preponderance of the evidence that the plaintiff was guilty of negligence which contributed to his injury, then his right of recovery would be governed or modified by the rule set forth in another instruction, *held* to sufficiently set forth upon whom rested the burden of proof, in the absence of a request for a more specific instruction.

APPEAL from the district court for Douglas county: CHARLES A. GOSS, JUDGE. *Affirmed.*

*Martin L. Sugarman* and *James C. Kinsler,* for appellant.

*R. T. Coffey* and *McGilton & Smith, contra.*

Heard before MORRISSEY, C. J., ALDRICH, FLANSBURG and ROSE, JJ., BROWN and ELDRED, District Judges.

ELDRED, District Judge.

The plaintiff brought this action to recover for damages on account of injuries alleged to have been sustained by falling on a sidewalk in front of defendants' place of business in the city of Omaha. The plaintiff contends that a down-spout on the east side of defendants' building discharged water upon and across the sidewalk adjacent to the defendants' premises; that the defendants negligently permitted the water to freeze and form ice on the sidewalk; that they failed to remove the ice; that a light snow fell on the ice; and that the plaintiff, being wholly unaware that there was ice on the sidewalk, stepped on the covering of snow, and slipped on the ice underneath, causing him to fall and receive the injuries of which he complains.

The defendants deny all liability, and in addition thereto plead that, if any injuries were suffered by the plaintiff, the same were due to the carelessness and negligence of the plaintiff, in this, that the plaintiff knew, or had cause to know, of the existence of the ice on said sidewalk, if any existed at the time, and that the plaintiff was at said time passing along said street in a careless and negligent manner, and was not observing or attempting to observe the condition of the sidewalk, and that his injuries, if any, were due to the careless and negligent manner in which he was proceeding, and that he was not exercising due care and caution.

The trial resulted in a verdict and judgment for the defendants.

Error is assigned in submitting to the jury the question of negligence on the part of the plaintiff. The evidence, while conflicting, shows that the plaintiff had at least some familiarity with the location and condition of the walk at the place of accident; that he occasionally walked over it, and had done so during the cold and freezing weather the same month. The weather had been continuously cold for some days, and at the time of the accident was very cold, about six degrees above zero,

the plaintiff was carrying some groceries and was going on a slow trot or a "dog trot" along the sidewalk in question; the sidewalk was of concrete, and had a driveway where automobiles entered the building, which was somewhat slanting toward the curb. Under the testimony in this case, whether the plaintiff was proceeding with such care as an ordinarily prudent person would exercise under similar circumstances was a question of fact, as to which different minds might draw different conclusions, and was therefore properly submitted to the jury.

Complaint is made of giving instructions Nos. 5 and 11 to the jury. These instructions were called for on account of submitting the issue of plaintiff's negligence to the jury. Having reached the conclusion that the court was justified in submitting the question of contributory negligence to the jury, it follows that such instructions were properly given.

Instruction No. 11 is further criticised as advising the jury that, if they should find certain facts to be true, they must find that the plaintiff was negligent. As we read the instruction, it is not subject to that criticism. The jury are merely informed that, if the plaintiff had knowledge of the facts referred to, then the plaintiff was bound to use due care and caution in passing over the walk, and that the failure of the plaintiff to use such due care and caution would be negligence.

It is further contended by the appellant that the trial court erred in failing to instruct the jury that the burden was upon the defendants to prove by a preponderance of the evidence, the plaintiff's alleged contributory negligence. By instruction No. 4 the jury were told that the burden of proof was on the plaintiff to prove by a preponderance of the evidence the negligence charged in the petition; that such negligence was the proximate cause of his injury; and the amount of damages he suffered, if any; and that, if the plaintiff had proved all the above facts by a preponderance of the evidence, the plaintiff

would be entitled to recover; but, if the jury found from a preponderance of the evidence that the plaintiff was guilty of negligence, which contributed to cause his injury, then the plaintiff's right to recover would be governed or modified by the rule set forth in instruction No. 5.

We believe that instruction No. 4 clearly sets forth the rule applicable in this case. The plaintiff was told what he must establish by a preponderance of the evidence, and that, if he did so, he could recover; but, if the jury found by a preponderance of the evidence that he was guilty of contributory negligence, that his recovery would be governed by the rules set forth in instruction No. 5. Instruction No. 5 states the right of recovery in the event of contributory negligence and of comparative negligence. Under instruction No. 4 the jury could not have mistaken on whom the burden rested to prove contributory negligence. While the burden rested upon the defendants, yet, the jury, in determining that question, would properly take into consideration, not only the evidence offered by the defendants, but the evidence offered on behalf of the plaintiff as well. The instructions given sufficiently stated the rule. If the plaintiff desired a more specific instruction on that point it should have been requested.

AFFIRMED.