QUINN *v.* NEW YORK LIFE INSURANCE CO.

1. APPEAL AND ERROR—REMEDY IN CASE OF ADVERSE DIRECTED VERDICT.

Where the trial court denied defendant's motion for a directed verdict without reserving decision thereon or submitting the case to the jury, and directed a verdict for plaintiff, defendant's remedy was by motion for new trial or review in the Supreme Court by writ of error.

2. JUDGMENT—CONCLUSIVENESS—DIRECTED VERDICT—NEW TRIAL.

When a verdict is directed, the judgment entered thereon

is final; and when judgment is set aside a new trial should be granted.

3. SAME—SETTING ASIDE JUDGMENT—NON OBSTANTE VEREDICTO.
   Where judgment for plaintiff was entered on a directed verdict, the issue not having been submitted to the jury, the trial court was without authority, under 3 Comp. Laws 1915, § 14568, on defendant's motion for a new trial, to set aside the judgment entered and enter judgment for defendant *non obstante veredicto,* but, the evidence being conflicting, the motion for a new trial should have been granted.

Error to Muskegon; Vanderwerp (John), J.  Submitted April 21, 1922.  (Docket No. 102.)  Decided June 5, 1922.

Assumpsit by Agnes M. Quinn against the New York Life Insurance Company on a policy of insurance.  Judgment for defendant *non obstante veredicto.* Plaintiff brings error.  Reversed.

*James E. Sullivan,* for appellant.

*Cross, Foote & Sessions,* for appellee.

STEERE, J.  Plaintiff's husband, Leo J. Quinn, was killed by a passing taxicab as he was leaving a street car on which he had ridden to a regular stop at the corner of Lake and Addison streets near his home in the city of Muskegon.  He held a life insurance policy issued by defendant for $4,000 with plaintiff as beneficiary, which contained a so-called double indemnity clause, providing for payment of double the face of the policy ($8,000) if death of the insured "was caused directly by accident while traveling as a passenger on a street car" or other named public conveyance operated as a common carrier.  Defendant paid the straight life insurance of $4,000 on proof of death, but denied double liability under the accident clause in the policy on the ground that deceased had

reached the end of his ride, left the street car and started for the curb when struck by the taxicab, and the relation of a passenger and carrier had ceased at the time of the accident. The case was tried by jury on that issue. At the close of plaintiff's testimony a motion for a directed verdict in defendant's favor was made and denied. After defendant had introduced its testimony and both parties rested the motion for a directed verdict in defendant's favor was renewed and argued, after which the court adjourned for the day. On the following morning, May 26, 1921, defendant's motion for a directed verdict was denied and the court directed the jury to render a verdict in plaintiff's favor for $4,177.80. Verdict was taken without the jurors leaving their seats. Judgment for that amount was rendered thereon by the court and duly recorded. The next day defendant moved for a new trial on various grounds. The motion was argued and submitted. On July 19, 1921, the court filed an opinion denying said motion for a new trial, but concluding that an error had been committed in directing a verdict for plaintiff and entering judgment thereon. In his opinion the judge made reference to section 14568, 3 Comp. Laws 1915, called the Empson act, saying in conclusion:

"Inasmuch as that section provided that a motion for judgment notwithstanding the verdict can only be entertained before judgment, the motion for a new trial will be denied, the judgment heretofore rendered upon the verdict will be set aside, in order that defendant will have the opportunity to make a motion under section 14568, above cited, for a judgment notwithstanding the verdict rendered, if it desires to do so."

Defendant thereafter made a motion for judgment *non obstante* and after hearing argument the court set aside its former judgment on a directed verdict in favor of plaintiff, and rendered a judgment for defendant of no cause of action *non obstante veredicto.*

Counsel for plaintiff contends that the only action the court could have taken as the record then stood was to grant or deny defendant's motion for a new trial, and the course pursued was prejudicial error. The statute under which the court assumed to act (§ 14568), provides that:

"* * * If either party shall at the close of the testimony, and before the case is submitted to the jury, request the court for a directed verdict in his favor, the court may reserve decision thereon, and submit the case to the jury under proper instructions as to the law applicable to such case. After the case is thus submitted to the jury, or after receiving and recording the verdict of the jury and before judgment is entered in said case, the court may hear arguments of counsel for and against said request, but in all such cases shall receive and record the verdict of the jury as rendered. If the court shall then decide as a matter of law, that the party requesting the directed verdict was entitled thereto, and if the verdict of the jury is adverse to the party making such request, the court shall enter its decision on the record and order judgment in accordance with such decision notwithstanding the verdict entered, and the party against whom such judgment is entered shall have an exception," etc.

So far as the record discloses no mention was made of the Empson act by court or counsel at the time of the trial nor until nearly two months after the trial had ended in a final judgment on directed verdict for plaintiff. When the trial was in progress and defendant requested a directed verdict in its favor at close of the testimony, the court did not reserve decision thereon nor submit the case to the jury for their verdict under instructions as to the law which should guide them in their deliberations and take their verdict upon the claimed issues of fact as to which testimony had been introduced, but unconditionally and without any suggestion of reserved decision from any source denied defendant's motion, directed an apparently unrequested verdict for plaintiff and entered

judgment accordingly.    As the record then stood with final judgment against defendant, its only rights thereafter were an appeal to this court for review by writ of error or motion in that court for a new trial, which it timely made.    No right to move for a verdict *non obstante* was reserved to or claimed by it, nor had anything in the nature of consent by counsel or intimation by the court during the trial given ground for so claiming.

Both sides introduced testimony as to the circumstances of the accident, directed to the question of whether deceased was when struck by the taxicab yet a passenger on the street car.    Plaintiff claimed there was testimony showing he was killed while in the act of alighting, while defendant contended that he had then safely left the car and as a foot traveler on the highway was walking or running towards the curb. There was evidence to that effect and, in any aspect of the case, plaintiff was not entitled to a directed verdict.    The trial court rightly so concluded after hearing defendant's motion to set aside the directed verdict and judgment thereon, and grant a new trial.

The motion should have been granted.    The general rule is that: "When a verdict is directed, the judgment entered thereon is final; when one is set aside, a new trial is granted."    *Randolph* v. *Railway*, 213 Mich. 100.    The Empson act does not contemplate a directed verdict in the first instance.    Its manifest intent and purpose is a reserved verdict of the jury on the claimed issues of fact as the case stands at the close of the testimony, available for judgment thereon in case the court being in doubt as to the propriety of the motion for a directed verdict desires to reserve judgment and take further time for consideration of the evidence and legal questions involved, being by the act given authority to render judgment on said verdict, if the court later determines after hearing counsel

that there was an issue of fact to go to the jury, or to ignore it if the case only involves issues of law and render judgment accordingly.

The judgment is therefore reversed and a new trial granted, with costs to plaintiff.

FELLOWS, C. J., and WIEST, McDONALD, CLARK, BIRD, SHARPE, and MOORE, JJ., concurred.