## Magruder v. Columbia Amusement Company.

(Decided March 11, 1927.)

### Appeal from McCracken Circuit Court.

1. Theaters and Shows—Theater Owner Must Use Ordinary Care to Maintain Aisles and Floors in Reasonably Safe Condition for Patrons.—Theater owner is liable for injuries to patron caused by

his failure to use ordinary care to maintain floors and aisles along which patrons are expected to pass in reasonably safe condition.

2.  Theaters and Shows—That Patrons of Show Arrive and Depart at Any Time Must be Considered in Determining Owner's Care.— The fact that patrons of vaudeville and moving picture shows may arrive and depart at any time must be considered in determining degree of care required of theater owner in maintaining premises in reasonably safe condition.

3.  Theaters and Shows—Maintaining Unlighted Step-Off of Five Inches from Aisle to Seats Held Not Negligence as Matter of Law. —Whether owner of vaudeville and picture show was negligent in maintaining unlighted step-off of four or five inches from aisle to seats, whereby patron was injured, held question for jury.

4.  Trial—Allegation of Answer, Unsupported by Evidence, Cannot be Considered in Determining Whether Case is for Jury.—Mere allegation in answer, unsupported by evidence, cannot be considered in determining whether evidence for plaintiff was sufficient to take case to jury.

5.  Theaters and Shows—Theater Patron Cannot be Said to Have Assumed Risk, in Absence of Evidence Defective Condition of Aisle was Known or Obvious.—Theater patron cannot be held to have assumed risk of owner's negligence in maintaining step-off from seats to aisle, where evidence did not show that she knew thereof, or that its existence would have been observed by an ordinarily prudent person in patron's situation.

6.  Theaters and Shows—Whether Unlighted Step in Theater Aisle was Proximate Cause of Injury to Patron Held for Jury.—Where patron of vaudeville and picture show was injured while leaving seat, whether unlighted step into aisle was proximate cause of injuries held for jury under evidence.

7.  Theaters and Shows—Theater Patron, Injured While Leaving Seat in Dark, Held Not Guilty of Contributory Negligence as Matter of Law.—Patron attending defendant's vaudeville and picture show for second time, injured while leaving seat and stepping down into aisle in dark, held not guilty of contributory negligence as matter of law in failing to observe step-off.

C. C. GRASSHAM and L. B. ALEXANDER for appellant.

WHEELER & HUGHES for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Reversing.

In this action by Annie Louise Magruder against the Columbia Amusement Company to recover for personal injuries the trial court directed a verdict in favor of the defendant. Plaintiff appeals.

Appellee owns and conducts the Orpheum Theater in the city of Paducah, where vaudeville and picture shows are given. On the evening of December 26, 1925, appellant went to the theater in company with her daugh-

ter.   As she entered the theater it was dark and she was ushered to a seat a few rows from the rear and a few feet from the aisle.   The floor occupied by the seats is four or five inches above the floor of the aisle.   Appellant did not notice the elevation as she entered.   After remaining for a while she and her daughter started to leave.   The performance was going on at the time and the lights were down.   There was evidence that there were lights under the seats some distance apart, but no light at the place where she stepped into the aisle, and it was very dark there.   Appellant describes how the accident occurred in the following language:

> "My daughter went out first.   I just walked on out expecting to step on level floor with the seat and I walked out and it just felt like I was stepping into space and I fell with great force in the aisle and fell sitting down."

It is the duty of the proprietor of a theatre to use ordinary care to maintain its aisles and floors along which patrons are expected to pass in a reasonably safe condition for their use, and, if he fails in this duty, and by reason thereof a patron is injured, he is liable in damages.   Majestic Theater Co. v. Lutz, 210 Ky. 92, 275 S. W. 16.   In determining whether the premises are reasonably safe, regard must be had to the fact that the public come and go at any time, and that the proprietor should anticipate that they may arrive or depart when the lights are down, and to meet this situation the care required of him should be commensurate with the danger.   The matter being one about which reasonable men might entertain an honest difference of opinion, we are unable to say as a matter of law that the maintenance in the theater of an unlighted step-off of four or five inches was not negligence, but are constrained to the view that the question should have been submitted to the jury.

What would have been the effect if it had been shown that the theater was of standard construction we need not inquire.   It is sufficient to say that though that defense was pleaded there was no evidence to support it, and a mere allegation in an answer can not be considered in determining whether the evidence for the plaintiff was sufficient to take the case to the jury.

We are not prepared to accede to the doctrine that if appellee was negligent appellant assumed the risk be-

cause she did not wait until the performance was over and the lights were turned on. She, like every other patron, had the right to leave at any time and to act on the assumption that the premises were in a reasonably safe condition for her use, and, even if the doctrine of assumed risk be applicable, she can not be held to have assumed the risk unless she knew of the defective condition and consequent danger, or the defective condition and danger therefrom were so obvious that an ordinarily prudent person in her situation would have observed the one and have appreciated the other. Louisville & N. R. Co. v. Davis, 199 Ky. 275, 250 S. W. 978; Chesapeake & Ohio Ry. Co. v. DeAtley, 241 U. S. 310, 36 Sup. Ct. 564, 60 L. ed. 1016. It cannot be said as a matter of law that such was the case presented by the evidence.

But the point is made that the evidence did not show that the unlighted step-off was the proximate cause of appellant's injuries. It is true that one of the witnesses stated that as appellant was going out she caught his shoulder and he got up and tried to pick her up after she struck the floor, but for aught that he says he may have been occupying the end seat and appellant may have fallen and caught hold of his shoulder as she stepped into the aisle. But, be this as it may, appellant's statement that as she walked out it felt like she was stepping into space, and that she fell with great force into the aisle, was sufficient to make it a question for the jury as to whether or not the unlighted step-off was the proximate cause of her injuries. However, it is proper to add that, as there was no evidence tending to show that the floor occupied by the seats was rough or uneven, appellant can not recover if she stumbled and fell before attempting to step into the aisle.

As appellant had never attended the theater but once before, and had then been seated at a place where the same conditions did not prevail, and as there was evidence that it was dark at the place where she fell, we can not say that in failing to observe the step-off she was guilty of contributory negligence as a matter of law.

It follows from what has been said that the court erred in sustaining appellee's motion for a peremptory instruction.

Judgment reversed and cause remanded for a new trial consistent with this opinion.