AMANDA EMERY, APPELLANT, V. MIDWEST AMUSEMENT & REALTY COMPANY, APPELLEE.

FILED JUNE 9, 1933. No. 28530.

*Mothersead & York,* for appellant.

*Wright & Wright, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

EBERLY, J.

Action for personal injuries occasioned by a fall in the balcony of a theater occupied by defendant, and in which at the time such alleged injuries were received a public motion picture entertainment was being presented by it.

In substance it is charged that because of, and due to, carelessness and negligence of defendant in failing to have lights in this balcony, thereby causing intense darkness therein, the plaintiff, while proceeding to her intended seat therein with due care, stepped onto an unlighted stairway without knowing the same was in close proximity to her, and thereby fell, receiving as a result the injuries complained of.

The answer admits the corporate capacity of defendant, the ownership and operation of the theater by it, and the physical surroundings which constituted the *locus in quo;* denies the occurrence of the accident and the infliction of the injuries complained of and the negligence alleged; and affirmatively alleges that at the times mentioned in plaintiff's petition the theater was adequately lighted, the seat and aisle lights were burning, and any injuries to plaintiff, if any there were, at the time and place alleged by her, were caused wholly by the carelessness and negligence of plaintiff herself.

Plaintiff filed a general denial as her reply to the defendant's answer.

Trial to a jury resulted in a verdict directed by the court for defendant. Plaintiff appeals.

Under the record the sole question presented for review is the sufficiency of the evidence to entitle plaintiff to have her cause submitted to the trial jury for determination. The question thus stated is further narrowed by the fact that under the evidence introduced, for the purpose of this determination, the occurrence of an accident at the time and place alleged by plaintiff, causing substantial injuries to plaintiff as alleged, must be deemed adequately established. Therefore, it remains for this court to determine whether the proof discloses that this accident

was due to actionable negligence on the part of defendant, and, if so, whether the facts so proved are such that reasonable minds could come to no other conclusion than that plaintiff was guilty of more than slight negligence in comparison with the negligence of the defendant.

It appears that this balcony was equipped with rows of seats arranged in tiers rising from front to rear. Access to these was by a series of steps descending from the rear to the front of the balcony. The plan of the theater included adequate lighting by use of artificial lights. A part of this system was composed of aisle lights, or small hooded lamps, placed in the aisles at the end of the seats, which, when lighted, illuminated the steps, and the light so confined and concentrated downward was evidently intended to, and did when "on," assure the safety of the footing of the patrons in passing to and from their seats in the balcony. It seems that entrance to this balcony from the lower story was by a stairs, from the head of which it was necessary to proceed either to the right or left along the rear of a row of seats (or a guard-rail) to steps descending from the rear to the front of this gallery. On the day in question plaintiff, accompanied by her daughter, passed through the front entrance to the theater. There admission tickets for which compensation had been paid were delivered and taken up by the representative of the defendant thus engaged in the performance of these duties. Evidently with his knowledge they turned and entered the passageway to the stairs leading to the balcony. This was a place in common use by those attending the entertainments. Nothing was said to them, nor was any warning given them by the servants of the defendant, of the conditions then prevailing on the balcony. On passing through the doors at the head of the stairs, they found themselves enshrouded in darkness. However, the performance was then going on and pictures were being thrown on the screen. It would seem doubtful whether this situation would, under the conditions that may be said to almost universally ob-

tain in entertainments of this kind, be such as to challenge the attention of plaintiff to possible concealed dangers to which she might be exposed. Patrons of "movies," it may be said, usually sit in comparative darkness while the pictures are thrown on the screen. This condition is not only common, but apparently adds to the quality of the entertainment. Besides, in the instant case, it is disclosed affirmatively in the evidence that the plaintiff and her daughter then knew of the hooded lights and the purpose these lights served; knew that the light therefrom, due to their construction, was concentrated and cast upon the floor for the purpose of illuminating the steps which they would have to pass down to arrive at their intended seats. With such lights "on," as they were obviously intended to be at the time of this accident, the complete safety of plaintiff's footing was assured. Indeed, the only place of possible existing danger in the darkness then prevailing, so far as can be gathered from the evidence, was a "step-off" in the route passed over by plaintiff, created by the presence of the descending steps. Plaintiff, followed by her daughter, in the darkness, turned to the left after passing through the door at the head of the stairs, and in the proper and intended passageway "felt her way along" the back of the seats or guard-rail, expecting, when she arrived where the stairs went down, the aisle lights would be "on" and she could see the well-illuminated steps. There was no usher to direct her, and when she arrived at the stairway the aisle lights, on the presence of which she was relying, were not "on." We are also satisfied that the circumstances disclosed in the evidence fully establish that there was a "step down" where plaintiff stepped into the unlighted aisle, and thus caused her fall and resulted in her injuries.

As to the subject of this action this court has adopted the view: "One who operates a place of public amusement or entertainment is held to a stricter accountability for injuries to patrons than owners of private premises

generally; he is not the insurer of the safety of patrons, but owes to them only what, under the particular circumstances, amounts to ordinary and reasonable care." *Welsh v. Jefferson County Agricultural Society,* 121 Neb. 166.

So, too, the approved rule appears to be: "Ordinary or reasonable care on the part of a proprietor of a theater or moving picture theater to keep the premises in a reasonably safe condition requires the exercise of reasonable care in lighting aisles, stairways, etc.; and this is such lighting as an ordinarily prudent person would have furnished under the same or similar circumstances, that is to say, taking into consideration the purpose for which the theater was used and having due regard for the safety of patrons. * * * It has been held that it cannot be said as a matter of law that the maintenance in a moving picture show, sufficiently darkened for the purposes of the exhibition, of a platform on which seats are arranged several inches above the aisle without lighting the place at which a step-off occurs is or is not negligence, but the question is one for the determination of the jury. And in an action for injuries sustained by reason of alleged negligence of a moving picture proprietor in failing sufficiently to light a stairway, it has been held a question for the jury to determine whether the lighting was sufficient to make the premises as reasonably safe as was consistent with the practical operation of the theater." 62 C. J. 869, 870.

It has been said: "In determining whether the premises are reasonably safe, regard must be had to the fact that the public come and go at any time, and that the proprietor should anticipate that they may arrive or depart when the lights are down, and to meet this situation the care required of him should be commensurate with the danger. The matter being one about which reasonable men might entertain an honest difference of opinion, we are unable to say as a matter of law that maintenance in the theater of an unlighted step-off of four or five inches was not negligence, but are constrained to the view that

the question should have been submitted to the jury."
*Magruder v. Columbia Amusement Co.*, 218 Ky. 761.

Also, "Places in which plays, moving pictures and certain other forms of entertainment are given must be made substantially dark during the exhibition. But it is a matter of common knowledge that it is the practice of the proprietors of theaters and moving picture establishments to protect patrons against this necessary darkness by equipping ushers with flash lights and requiring the ushers to assist the patrons when they enter such a place of entertainment when it is dark. The law required this defendant to do nothing unreasonable. Reasonable protection to plaintiff under all the circumstances is the measure of its responsibility. Whether it performed its duty was a jury question." *Rutherford v. Academy of Music*, 87 Pa. Super. Ct. 355.

In *Branch v. Klatt*, 165 Mich. 666, in a case involving many features identical with the instant controversy, the plaintiff fell and was injured in a theater building, while passing down a flight of improperly lighted steps and through a dark passageway. On the ground of contributory negligence the circuit court directed a verdict against her. This judgment the supreme court of that state reversed on the principle that "A person may presume that the owner of a theater has discharged his duty of having the premises and exits in a reasonably safe condition as to lights and construction, so that patrons may safely pass through a darkened passageway or exit in leaving the theater."

The proper rule appears to be: "The proprietor of a place of public amusement is required to use ordinary or reasonable care to put and keep the premises, appliances, and amusement devices in a reasonably safe condition for persons attending; and if he fails to perform his duty in this regard, a patron who is injured in consequence thereof is entitled to recover for the injury sustained. The foregoing doctrine has been applied in respect of * * * aisles." 62 C. J. 863.

See, also, *Bennetts v. Silver Bow Amusement Co.*, 65 Mont. 340; *Poppleston v. Pantages Minneapolis Theater Co.*, 175 Minn. 153; *Barrett v. Van Duzee*, 139 Minn. 351; *Central Amusement Co. v. Van Nostran*, 85 Ind. App. 476; *Levy v. Israelite House of David*, 216 Mich. 373; *Gibbons v. Balaban & Katz Corporation*, 242 Ill. App. 524; *Dondero v. Tenant Motion Picture Co.*, 94 N. J. Law, 483.

In this jurisdiction we are committed to the view that the question of contributory negligence should always be submitted to the jury, where there is evidence touching the same, under proper instructions, unless the evidence of contributory negligence is undisputed, or of such a nature that reasonable men could not draw diverse conclusions from the same. *Tempel v. Proffitt*, 122 Neb. 249; *Wiegand v. Lincoln Traction Co.*, 121 Neb. 130; *McLean v. Omaha & Council Bluffs Railway & Bridge Co.*, 72 Neb. 450; *Sodomka v. Cudahy Packing Co.*, 101 Neb. 446; *Kroger v. Gordon Fireproof Warehouse & Van Co.*, 107 Neb. 439; *Casey v. Ford Motor Co.*, 108 Neb. 352; *Allen v. Omaha & S. I. R. Co.*, 115 Neb. 221.

In the light of the authorities above referred to, we are constrained to the view that the evidence in the record in the instant case is sufficient, if believed, to sustain the conclusion that the defendant was guilty of actionable negligence in failing to provide proper lighting, which was the proximate cause of plaintiff's injuries; and that the question of contributory negligence was a question of fact for the jury under proper instructions, and not one of law to be determined by the court.

It follows that the district court erred in directing a verdict for the defendant.

The judgment of the trial court is therefore reversed and the cause remanded for proceedings in harmony with this opinion.

REVERSED.