COLEMAN v. WASHINGTON THEATRE CO.

1. THEATERS AND SHOWS—MOVING PICTURE THEATERS—SAFE CONDITION OF PREMISES.

A moving picture theater is a place to which the public is invited and in which the invitees have a right to presume it is maintained in a reasonably safe condition as to lights and that they have a right to pass along aisles with a reasonable assurance of their being in a safe condition, the fact that the premises were somewhat darkened giving added assurance of its being reasonably safe.

2. SAME—NEGLIGENCE—INVITEES.

The proprietor of a place of public amusement is required to use ordinary or reasonable care to put and keep the premises, appliances, and amusement devices in a reasonably safe condition for persons attending; and if he fails to perform his duty in this regard, a patron who is injured in consequence thereof is entitled to recover for the injury sustained.

3. SAME—LIGHTS—AISLES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

In action by patron of moving picture theater for injuries sustained when she fell as she entered an aisle which led to the front of the balcony, questions as to whether defendant was negligent in failing to maintain and use proper lights and whether plaintiff was guilty of contributory negligence *held*, questions for jury under record presented.

Appeal from Bay; McCormick (James L.), J. Submitted June 6, 1940. (Docket No. 39, Calendar No. 41,129.) Decided September 6, 1940.

Case by Phyllis Coleman against Washington Theatre Company, a Michigan corporation, for damages for personal injuries sustained from falling in a theater. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Bernard S. Frasik* (*Samuel H. Werner*, of counsel), for plaintiff.

Right of business visitor to expect safe conditions and degree of preparation required for such a visitor, see 2 Restatement, Torts, § 343.

*William C. O'Keefe* (*James K. Brooker,* of counsel), for defendant.

Potter, J. Plaintiff, claiming to have been injured by falling in the balcony of defendant's moving picture theater, sued to recover damages therefor. There was verdict for plaintiff, and defendant appeals.

The accident occurred June 21, 1938, shortly after 7:30 o'clock in the evening. Plaintiff and her companion went to the theater, purchased tickets, were directed where to go to reach the balcony, and they claim that, on entering it, it was insufficiently lighted or was without lights. Plaintiff and her companion felt their way along the rows of seats. She was injured when she came to the point of reaching the stairway that led from the aisle down to the front of the balcony. She claims this stairway was not lighted, that it was dark so that she could not see anything, and that because of that she stumbled or tripped or in some manner fell as she was about to go, or was on her way, down the steps.

Plaintiff claims as a matter of law defendant was negligent in not providing a light, or a better light, at this particular place, and the case was submitted to the jury upon the question of whether there was light, or sufficient light, under all of the circumstances.

The trial court charged the jury that it was the duty of defendant to furnish such lights as a reasonably prudent person would have maintained at that point at that time for the safety of its patrons, what a reasonably prudent person under the same circumstances would have done considering the necessities of the case and the operation of the business. He charged the jury:

"There has been some testimony that it would be impossible to have bright lights in stairways and aisleways because that would interfere with the operation of the business.   The care necessary is that which would be consistent with the operation of the moving picture side of it, and the defendant was required to exercise that care, and only that care, which a reasonably prudent person engaged in that business would have exercised with reference to the lights."

Both plaintiff and defendant at the conclusion of the charge expressed themselves as satisfied therewith.

A moving picture theater is a place to which the public is invited, and plaintiff had a right to presume that defendant's picture house was maintained in a reasonably safe condition as to lights, and had a right to pass along the aisle thereof with a reasonable assurance of its being in a safe condition. The fact that the premises were maintained in a somewhat darkened condition might have given added assurance of its being reasonably safe. *Branch* v. *Klatt*, 165 Mich. 666.   In *Emery* v. *Midwest Amusement & Realty Co.*, 125 Neb. 54, 59 (248 N. W. 804), the court said:

"The proper rule appears to be: 'The proprietor of a place of public amusement is required to use ordinary or reasonable care to put and keep the premises, appliances, and amusement devices in a reasonably safe condition for persons attending; and if he fails to perform his duty in this regard, a patron who is injured in consequence thereof is entitled to recover for the injury sustained.' "

The question of whether or not the place where plaintiff fell was properly lighted was a question for the jury.   Mr. Neal, for defendant, testified "there isn't enough illumination there to observe the seats."

While there were certain lights provided, Mr. Hughes, for defendant, testified, "The ceiling lights are not turned on on week days in the afternoon," although he contended they were on at the time this accident occurred. Mr. Leahy, the owner of the building, said, "The lights are turned on and off from the switch in the office;" while Mr. Hughes said, "On the ceiling lights you have to go backstage to put them on," and, "All lights are from backstage, in the balcony." At the time the accident occurred, Mr. Hughes, who was employed by defendant, was in the building and went to the plaintiff with a flashlight and assisted her from the balcony out of the building.

The question of defendant's negligence and of plaintiff's freedom from contributory negligence were questions of fact for the determination of the jury. We see no reason to disturb the verdict.

Judgment affirmed, with costs.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.