LANE v. B & J THEATRES, INC.

1. TRIAL—MOTION FOR DIRECTED VERDICT—RESERVING DECISION—DISCRETION OF COURT.

Whether or not a trial judge reserves decision on a motion for directed verdict made either at the close of plaintiff's case or at the close of the testimony, as authorized by statute, and submits the case to the jury rests in the judgment of the court (3 Comp. Laws 1929, § 14531, as amended by Act No. 44, Pub. Acts 1939).

2. SAME—READING OF PLEADING TO JURY.

Denial of plaintiff's request to read to jury certain paragraphs of declaration together with answer thereto in action for damages for injuries sustained by plaintiff in defendant's theater in order to present to jury an admission that a certain person was defendant's resident agent was not error where matter was covered in opening statements and plaintiff testified that such person was defendant's manager at the time accident occurred.

3. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.

In determining whether or not motion for directed verdict was properly granted at close of plaintiff's proofs, her testimony must be construed as strongly in her favor as is reasonably possible.

4. THEATERS AND SHOWS—PATRON AS AN INVITEE.

One who has purchased a ticket for attendance at a theater and who enters upon the premises for the purpose of attending a performance there is an invitee.

5. SAME—DUTY TOWARD PATRONS.

While a theater owner is not an insurer of the safety of its patrons, the duty does rest upon it and its employees to exercise reasonable care for their protection against injury in the theater.

Theater owner's liability for condition of premises, see 2 Restatement, Torts, § 359, and comments a, b.

6. SAME—MOVING PICTURE THEATERS—LIGHTS—SAFE CONDITION OF PREMISES.

A moving picture theater is a place to which the public is invited and in which the invitees have a right to presume it is maintained in a reasonably safe condition as to lights and that they have a right to pass along aisles with a reasonable assurance of their being in a safe condition, the fact that the premises were somewhat darkened giving added assurance of its being reasonably safe.

7. SAME—DUTY TO KEEP PREMISES SAFE.

The owner of a place of entertainment is charged with an affirmative positive obligation to know that the premises are safe for the public use, and to furnish adequate appliances for the prevention of injuries which might be anticipated from the nature of the performance.

8. NEGLIGENCE—PROXIMATE CAUSE.

It is not necessary that an act of negligence to be the proximate cause of an injury, be the sole or exclusive proximate cause, but it must be a proximate cause, either alone or concurrently with some other cause.

9. EVIDENCE—COMMON KNOWLEDGE—THEATERS—PROTECTION OF PATRONS IN DARKENED PLACES.

It is a matter of common knowledge that it is the practice of proprietors of theaters and moving picture establishments to protect patrons against the necessary darkness by equipping ushers with flashlights and requiring the ushers to assist the patrons when the place is dark.

10. THEATERS AND SHOWS—UNLIGHTED AISLES—CHILD IN AISLE—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In action by 68-year-old patron of theater against its owner for damages for fractured ankle, sustained while proceeding down unlighted aisle after the afternoon performance had commenced, unescorted by usher who had seen her enter, by stumbling over 5-year-old child who was lying partly in the aisle, it may not be said that as a matter of law there was no negligence on the part of defendant nor that plaintiff was not free from contributory negligence where to have had usher with flashlight accompany plaintiff would not have interfered with performance, hence plaintiff was entitled to have such issues submitted to jury.

Appeal from Kent; Souter (Dale), J. Submitted April 5, 1946. (Docket No. 57, Calendar No. 43,284.) Decided June 3, 1946. Rehearing denied September 11, 1946.

Case by Delia Lane against B & J Theatres, Inc., for damages for personal injuries when she fell over child in defendant's theater. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed and new trial granted.

*Fred P. Geib* and *Clem H. Block,* for plaintiff.

*Alexander, McCaslin, Cholette & Buchanan,* for defendant.

CARR, J. Plaintiff sustained a personal injury in a theater operated by defendant in the city of Grand Rapids and brought action to recover damages. Following presentation of plaintiff's proofs on the trial before a jury, counsel for defendant moved for a directed verdict on the grounds that plaintiff had not shown actionable negligence on the part of defendant, constituting the proximate cause of the accident, and that her proofs did not establish freedom from contributory negligence. The motion was granted, judgment was entered on the verdict, and plaintiff has appealed.

The accident occurred in the afternoon of September 4, 1944. Plaintiff, who was at the time 68 years of age, purchased her ticket at the office in the lobby, and then entered the theater. In the lobby was an usher with a flashlight, but he did not offer to show plaintiff to a seat, nor did she ask his assistance. Plaintiff's testimony justifies the inference that the employee in question observed her presence in the lobby, there being nothing to prevent his doing so.

At the time plaintiff entered the theater the performance had begun and lights were dim. Plaintiff testified that it was dark, that there were no lights along the aisle on the floor, but merely dim lights on the side of the theater and on the ceiling. It was her claim that she took hold of the backs of seats as she proceeded down the aisle and that the condition was such that she "was just going blindfolded." While proceeding in this manner plaintiff stepped on, or stumbled over, a small child lying partly in the aisle, and suffered a fractured ankle. Plaintiff testified that the child in question was apparently about five years of age and that immediately after the accident it ran out of the theater, followed by three or four older children.

Plaintiff was familiar with the theater, having frequently attended it. It is a fair conclusion from her testimony that she did not consider she needed the services of the usher and that she did not anticipate any difficulty in finding her way down the aisle to a seat. Following the accident she was assisted by defendant's employees, including the usher referred to, and was taken to a hospital.

Plaintiff contends that defendant was negligent in failing to provide reasonable and adequate lighting facilities to enable plaintiff to see her way down the aisle of the theater. It is urged that, because of the dimness of the lights within the theater, defendant's usher should have accompanied plaintiff with his flashlight in order to supply sufficient light to enable her to proceed with reasonable security. Plaintiff's testimony supports the inference that the child, over whom she stumbled, was of such tender years as to have been irresponsible. The theory of plaintiff's cause of action is, in substance, that it was the duty of the defendant to furnish

sufficient light to enable plaintiff to observe the child on the floor.

Claim is made on behalf of plaintiff that the trial court was in error in directing a verdict at the conclusion of plaintiff's proofs instead of taking the motion under advisement and submitting the case to the jury under Act No. 217, § 1, Pub. Acts 1915 (3 Comp. Laws 1929, § 14531), as amended by Act No. 44, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 14531, Stat. Ann. 1945 Cum. Supp. § 27.1461). The said section, insofar as material, reads as follows:

"Hereafter in all civil actions at law, in courts of record, if the defendant at the close of the plaintiff's case or if either party shall at the close of the testimony, and before the case is submitted to the jury, request the court for a directed verdict in his favor, the court may reserve his decision thereon, and submit the case to the jury under proper instructions as to the law applicable to such case."

It is argued, in substance, that the word "may," as used in the quoted provision, should be construed as meaning "shall," and that in consequence the trial court was required by the statute to submit the case to the jury. With this contention we are unable to agree. The language of the statute clearly indicates that it was the intention of the legislature to permit the exercise of discretion. Whether a motion for a directed verdict shall be granted, or denied, or decision thereon reserved as expressly authorized, rests in the judgment of the court. *Quinn* v. *New York Life Ins. Co.*, 218 Mich. 650; *In re Cotcher's Estate*, 274 Mich. 154.

It is also claimed that the trial court erred in sustaining an objection to the request of counsel for plaintiff that he be permitted to read in evi-

dence to the jury the first three paragraphs of plaintiff's declaration, together with the answer to said paragraphs. It is said that the purpose of such offer was to place before the jury an admission that one Allen Johnson was defendant's "resident agent" in the city of Grand Rapids. The trial court denied the request for the reason, as appears from the colloquy between court and counsel, that the matter had been fully covered in the opening statements. Plaintiff testified that Mr. Johnson was defendant's manager at the time the accident occurred. It does not appear, therefore, that plaintiff was in any way prejudiced because of the refusal to permit the pleadings to be read. There was no error in the ruling in question.

The principal question at issue in the case is whether the motion for a directed verdict, at the conclusion of plaintiff's proofs, was properly granted. In determining this question plaintiff's testimony must be construed as strongly in her favor as is reasonably possible. *Keech* v. *Clements,* 303 Mich. 69. So construed, can it be said that the minds of reasonable men cannot differ with reference to the alleged negligence on the part of defendant, and plaintiff's freedom from contributory negligence? *Nezworski* v. *Mazanec,* 301 Mich. 43. Plaintiff was an invitee and, while defendant was not an insurer of her safety, the duty rested on it, and its employees, to exercise reasonable care for her protection against injury in the theater.

In *Coleman* v. *Washington Theatre Co.,* 294 Mich. 343, plaintiff was injured as a result of a fall in defendant's theater. The cause of action was based on the theory that defendant was negligent in failing to provide suitable and adequate light at the place where plaintiff stumbled or fell as she was

about to go down a stairway leading from the aisle to the front of the balcony. In sustaining a verdict in her favor, it was said:

"A moving picture theater is a place to which the public is invited, and plaintiff had a right to presume that defendant's picture house was maintained in a reasonably safe condition as to lights, and had a right to pass along the aisle thereof with. a reasonable assurance of its being in a safe condition. The fact that the premises were maintained in a somewhat darkened condition might have given added assurance of its being reasonably safe."

It was held that the questions as to defendant's negligence and plaintiff's freedom from contributory negligence were for the determination of the jury.

In *Keech* v. *Clements, supra,* plaintiff was injured by falling in the vestibule of defendant's hotel in the city of Detroit. The place where the accident happened was dimly lighted and it was plaintiff's claim that because of such condition she was unable to note the condition of the floor, on. which there was an accumulation of snow, slush and ice. As in the case at bar, a motion for a directed verdict for defendant was granted at the conclusion of plaintiff's proofs. This was held to be error, the court indicating in its opinion that the negligence of defendant and the contributory negligence of plaintiff were questions "on which the minds of reasonable men might honestly reach different conclusions."

In *Branch* v. *Klatt,* 165 Mich. 666, plaintiff was injured while endeavoring to leave defendant's theater while the performance was in progress. The lights in the theater were so dim, according to plaintiff's testimony, as to render it impossible for her to see clearly the stairs that she was required

to descend. This court reversed a judgment entered on a directed verdict at the conclusion of plaintiff's proofs, holding that the question as to plaintiff's contributory negligence should have been submitted to the jury. In reaching such conclusion it was said:

"One would have a right to presume that the defendant had discharged his duty of having the premises in a reasonably safe condition, as to lights and construction; and the ordinary person would naturally suppose that it would be safe to pass along a passageway provided for his exit, with reasonable assurance of its being in a safe condition. The very fact of the premises being maintained in a darkened condition might give him added assurance of its being reasonably safe."

In *Nezworski* v. *Mazanec, supra,* plaintiff, found by the jury to be an invitee, was injured on defendant's premises because of defendant's alleged failure to maintain the premises in a safe condition and keep them properly lighted. There the trial court denied a motion for a directed verdict, submitting the disputed issues of negligence and contributory negligence to the jury. In affirming the case, Justice STARR, speaking for the court, cited and discussed many of the prior decisions in this State and the principles of law applicable and controlling in a situation such as is presented in the case at bar. See, also, *Levy* v. *Israelite House of David,* 216 Mich. 373; *Cox* v. *Detroit United Theatres Corp.,* 306 Mich. 479.

In the case of *Crowley* v. *Bugg,* 292 Ill. App. 210 (10 N. E. [2d] 678), the factual situation was very similar to that presented in the case at bar. Plaintiff was injured in defendant's theater as a result of stumbling over a child on the floor in the aisle. The performance was in progress, the lights were

dim, and it was claimed there were no lights on the floor, so that plaintiff was unable to see the child. In sustaining the judgment of the trial court in favor of plaintiff, it was said:

"In the case of *Gibbons* v. *Balaban & Katz Corp.*, 242 Ill. App. 524, which was a case somewhat similar to the instant case, the court said at page 529: 'We think that under the facts disclosed it was defendant's duty to its patrons to sufficiently light the aisle and stairway during the exhibition of a picture. It appears that during exhibitions they, with defendant's consent, entered or left the theater at will by way of said aisle and stairway and by other aisles, et cetera. In 38 Cyc. pp. 268, 269, it is said: ''The owner of a place of entertainment is charged with an affirmative positive obligation to know that the premises are safe for the public use, and to furnish adequate appliances for the prevention of injuries which might be anticipated from the nature of the performance. * * * He is required to use care and diligence to put and keep the premises and appliances in a reasonably safe condition for persons attending; and if he fails to perform his duty in this respect so that the premises or appliances are in fact unsafe, he may be held liable for personal injuries occasioned thereby. * * * Reasonable care is held to be the measure of duty, and the undertaking of the proprietor is held not to call for an application of the same strict rule of responsibility as in the case of common carriers. He is not an insurer.'' These rules have been held applicable as to the lighting of aisles, stairways, et cetera, of theaters (see note in 22 A. L. R. p. 670 *et seq.*). * * * And in the instant case we think that the question whether the stairway and steps were insufficiently lighted as charged, and whether defendant was negligent in failing to have them sufficiently lighted at the time of plaintiff's fall, were questions for the jury under the conflicting evidence to determine.'

"It is next contended by the defendant that the plaintiff was guilty of contributory negligence. In the case of *Gibbons* v. *Balaban & Katz Corp.*, 242 Ill. App. 524, in citing the case of *Andre* v. *Mertens*, 88 N. J. Law, 626 (96 Atl. 893), it was held that the injured plaintiff could not be held guilty of contributory negligence as a matter of law, but that the question as to whether she was or not was for the jury to determine. We think in the instant case that under all the evidence, whether plaintiff was guilty of contributory negligence, was for the jury to determine.

"It is next contended that the so-called negligence of the defendant was not the proximate cause of the injury; that the injury was caused by an independent agency, namely, the child in the aisle over which the plaintiff fell. It is not necessary that an act of negligence to be the proximate cause of an injury, need be the sole or exclusive proximate cause, but it must be a proximate cause, either alone or concurrently with some other cause. * * *

"In the instant case it is our opinion that even though a child in the aisle of a darkened theater caused the plaintiff to fall and be injured, that does not excuse the defendant from the duty imposed upon him to keep and maintain the aisles of his theater in a reasonably safe condition for the use of patrons and would not preclude plaintiff from recovering damages for the injuries which she sustained. *Stone* v. *Donk Bros. Coal & Coke Co.*, 199 Ill. App. 64."

In view of the manner in which the accident happened in the instant case, and the attendant facts and circumstances, the following statement of the Pennsylvania court in *Rutherford* v. *Academy of Music*, 87 Pa. Sup. 355, is in point:

"We are not unmindful of the fact that places in which plays, moving pictures and certain other forms of entertainment are given must be made substantially dark during the exhibition. But it is

a matter of common knowledge that it is the practice of the proprietors of theaters and moving picture establishments to protect patrons against this necessary darkness by equipping ushers with flashlights and requiring the ushers to assist the patrons when they enter such a place of entertainment when it is dark. The law required this defendant to do nothing unreasonable. Reasonable protection to plaintiff under all the circumstances is the measure of its responsibility. Whether it performed its duty was a jury question."

A similar conclusion was expressed by the court in *Lyric Amusement Co.* v. *Jeffries,* 58 Ariz. 381 (120 Pac. [2d] 417). There plaintiff recovered judgment for personal injuries sustained in defendant's theater because of inadequate lighting conditions. In discussing the duties of the defendant, it was said:

"It is a well-known fact, of which we take judicial notice, that in the exhibition of moving pictures it is necessary that a theater be darkened to a very great extent, so much so that patrons entering the auditorium after the pictures have started are generally unable to see how to reach their seats safely without some special aid, until their eyes have become adjusted to the changed light, for it is a scientific fact that anyone passing from a brightly-lighted place to a partially-darkened room will require some time for the sight to become adjusted so that he can see properly in the latter place. For this reason most movie houses now provide ushers with flashlights, whose duty it is to assist patrons in reaching their seats, and we think some aid for that purpose must be furnished, in order that the owner of a theater may be said to use due care in the seating of his patrons."

Other decisions involving the general principles under consideration are *Emery* v. *Midwest Amuse-*

*ment & Realty Co.,* 125 Neb. 54 (248 N. W. 804);
*Magruder* v. *Columbia Amusement Co.,* 218 Ky. 761
(292 S. W. 341); *Poppleston* v. *Pantages Minne-
apolis Theatre Co.,* 175 Minn. 153 (220 N. W. 418);
*James* v. *Smith,* 93 Pa. Sup. 485; *Andre* v. *Mertens,*
88 N. J. Law, 626 (96 Atl. 893); 62 C. J. pp. 869, 870.

Construing plaintiff's testimony in the light most
favorable to her, we do not think that it may prop-
erly be said that as a matter of law there was no
negligence on defendant's part constituting the
proximate cause of the accident. Neither may it
be said that plaintiff was guilty of contributory
negligence as a matter of law. Plaintiff's testi-
mony indicates that the theater was so dark that
she was unable to see. The fact that defendant em-
ployed an usher, and furnished him a flashlight to
assist patrons, constituted a recognition that such
assistance might be reasonably required. Plaintiff
was an elderly woman. No reason appears on the
record for the failure of defendant's employee to
accompany her down the aisle with his flashlight,
thus supplementing the dim light within the theater.
Doing so would not have interfered with the per-
formance. Plaintiff, on the record before us, was
entitled to have the issues in the case submitted to
the jury.

The judgment is reversed and the cause re-
manded for a new trial, with costs to plaintiff.

BUTZEL, C. J., and SHARPE, BOYLES, REID, NORTH,
and STARR, JJ., concurred. BUSHNELL, J., took no
part in the decision of this case.