# STATE OF MICHIGAN

# COURT OF APPEALS

BETTY DAVIS,

       Plaintiff-Appellant,

v

OLYMPIA ENTERTAINMENT, INC.,

       Defendant-Appellee.

UNPUBLISHED
October 10, 2017

No. 332807
Wayne Circuit Court
LC No. 15-005680-NO

Before: SAAD, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Plaintiff appeals as of right from an order granting summary disposition in defendant's favor in this premises liability and negligence action arising from her trip and fall in defendant's dark theater after she was ushered to the wrong seat. We affirm.

## I. NEGLIGENCE CLAIM

Plaintiff first argues that the trial court improperly dismissed her ordinary negligence claim because defendant breached its duty to properly usher her to the correct seat, thereby causing plaintiff to trip and fall when she attempted to find her correct seat in the dark. We disagree.

We review de novo a trial court's decision to grant a motion for summary disposition. *Lakeview Commons v Empower Yourself, LLC*, 290 Mich App 503, 506; 802 NW2d 712 (2010). A motion brought under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim and should be granted if, after consideration of the evidence submitted by the parties in the light most favorable to the nonmoving party, no genuine issue regarding any material fact exists. *Id*. A genuine issue of material fact exists when reasonable minds could differ on the issue. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

"Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012). Liability on a premises liability claim "arises solely from the defendant's duty as an owner, possessor, or occupier of land." *Id*. "If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Id*.

-1-

Plaintiff fell as she attempted to locate her seat in the dark, causing her to miss the stairway's next step. Thus, her injury was allegedly caused by a dangerous *condition* on the property, namely a dark step, and not the conduct of defendant. Plaintiff argues that defendant's usher created the dangerous condition by escorting her to the wrong seat, and then leaving her to fend for herself to find the correct seat without a flashlight. However, "even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury[,]" the claim is still based in premises liability where "the plaintiff's injury arose from an allegedly dangerous condition on the land[.]" *Id.* And plaintiff's reliance on the holding in *Lane v B & J Theatres, Inc*, 314 Mich 666; 23 NW2d 120 (1946), is misplaced. In that case, the plaintiff alleged "that defendant was negligent in failing to provide reasonable and adequate lighting facilities to enable plaintiff to see her way down the aisle of the theatre." *Id.* at 669. Thus, it was a premises liability case, not a negligence case. See *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). Accordingly, the trial court properly dismissed plaintiff's ordinary negligence claim because her claim is one of premises liability.

## II. PREMISES LIABILITY CLAIM

Next, to the extent that plaintiff argues that the darkness of the step precludes application of the open and obvious doctrine, we disagree.

Generally, "a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). However, a premises possessor is not required to protect an invitee from an open and obvious danger on the land unless there are special aspects of the condition that make it unreasonably dangerous. *Id.* at 517. That is so because open and obvious dangers, by their nature, apprise an invite of a potential hazard that the invite should take reasonable measures to avoid. *Hoffner*, 492 Mich at 460-461. Premises possessors are not insurers charged with a duty to guarantee the safety of all persons who come on their land. *Id.* at 459.

A danger is considered "open and obvious" if, under an objective standard, it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection. *Joyce v Rubin*, 249 Mich App 231, 238-239; 642 NW2d 360 (2002). Accordingly, the hazard presented by steps, stairways, and darkness are generally considered open and obvious. See, e.g., *Singerman v Muni Serv Bureau, Inc*, 455 Mich 135, 141-144; 565 NW2d 383 (1997); *Bertrand v Alan Ford, Inc*, 449 Mich 606, 614; 537 NW2d 185 (1995). More specifically, the danger of tripping and falling on a step is generally open and obvious, thus a failure to warn theory cannot establish liability unless a special aspect of the step made it unreasonably dangerous. *Id.*

In this case, plaintiff had the opportunity to view the steps in the theater when she was taken to a seat by an usher who illuminated the steps with a flashlight. In fact, as she was escorted to the original seat, only one person walked between her and the flashlight-holding usher. An average person of ordinary intelligence would notice upon casual inspection the layout of the steps at the theater. Additionally, plaintiff had been to this theater five times, and presumably could anticipate that the stairs would have been dark; therefore, she would be on notice to take reasonable measures to avoid the condition, by either using her cellular telephone's

flashlight, or by sitting in one of the unoccupied seats until the house lights came on. See *Hoffner*, 492 Mich at 460. Accordingly, the trial court properly concluded that reasonable minds could not differ regarding the open and obvious risk associated with walking up steps in a dark theater. Plaintiff fails to argue that special aspects precluded the application of the open and obvious doctrine; therefore, we will not address this abandoned issue.[1] Further, plaintiff's claim that she was entitled to summary disposition under MCR 2.116(I)(2) is without merit.

Affirmed.

/s/ Henry William Saad
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron

---

[1] "Failure to brief an issue on appeal constitutes abandonment." *Tyra v Organ Procurement Agency of Mich*, 498 Mich 68, 88; 869 NW2d 213 (2015) (quotation marks and citation omitted).