## Robison v. Loews & United Artists
## State Theatre, Inc. et al.
October 11, 1949.

M. Joseph Schmitt and Allen Schmitt for appellant.

Woodward, Hobson & Fulton for appellees.

VAN SANT, COMMISSIONER—Affirming.

Appellant instituted the action to recover from appellees damages for injuries sustained as a result of falling on steps in a theatre owned and operated by appellees. At the conclusion of all the evidence, the Trial Court sustained appellees' motion for a peremptory instruction and directed the jury to return a verdict accordingly. The only question for our determination is whether the evidence of negligence on the part of appellees was sufficient to submit the issue to the jury.

On the evening of January 27, 1947, at about 8:30 o'clock, appellant, her husband, brother, and cousin attended the showing of a moving picture at Loew's Theatre in Louisville. They were shown to their seats in the loge by an usher who used a flashlight, the better to light the steps they were required to ascend. All members of the party testified that the lights on the steps under the

seats were in working condition when they entered the theatre. The light at the top step was not in operation when they took their departure. Because of the failure of this light, appellant did not see the top step and in descending fell the full length of the stairway. As a result of this fall she received the injuries for which she seeks recovery.

Many cases are cited by appellant to sustain her theory that the evidence was sufficient to establish a prima facie case of negligence on the part of appellees. One of the authorities relied on is 52 Am. Jur., Section 51, pages 295, 296, wherein on page 296 it is said: "The fact that lights which were designed to be lit at all times during performances were unlighted at the time of a patron's injury may constitute negligence by the proprietor if he knew or should have known that they were out."

In the same Section, at page 295, in discussing the general rule, the writer points out that the proprietor of a motion picture house must use ordinary and reasonable care for the safety of patrons with respect to lighting conditions within the theatre, but he is not an insurer of the safety of his patrons; and in order to recover from him for injuries sustained on account of inadequate lighting, it is incumbent on complainant to show that the proprietor failed to exercise "proper care" in that respect. In Harwood's Adm'r v. Richter, 286 Ky. 162, 150 S. W. 2d 642, the action was instituted to recover damages for the death of George P. Harwood which was alleged to have been caused by the negligence of the defendant in failing to keep a light burning at the stairway in the third floor hall of his tenement house in Louisville between sunset and 10:00 p. m., as required by Section 3037g-41, Carroll's Kentucky Statutes, now KRS 101.090. In holding that the evidence was not sufficient to establish negligence on the part of the owner of the premises, the court pointed out that the owner is not an insurer of the maintenance of required lights; and, in order to charge him with negligent failure to perform the duty imposed by the statute, it is necessary to show that he had actual knowledge of the defect in the lighting fixture upon the occasion of the injury, or, in the absence of such knowledge, that such unlighted condition had existed for such duration of time prior to the accident

as to charge the owner of the premises with constructive notice thereof. We think the authority relied on by appellant and Harwood's Adm'r v. Richter, supra, relied on by appellee, to be consistent with each other in respect to the quality of evidence required to be shown to entitle a plaintiff to have his case submitted to the jury.

In the instant case it is not contended that the lights maintained under the seats along the stairway when in working condition were insufficient to light the way and to disclose the presence of the steps. As a matter of fact, the only proof on this particular branch of the case is that they were adequate and sufficient for the purpose. The uncontradicted proof is that the lights were in working condition, consequently the stairs were adequately lighted, when appellant and the other members of her party ascended the stairs to take their seats; but at some time after that and before their departure, presumably two hours hence, one of the lights ceased to function, thus causing the hazard complained of. There is an absolute absence of evidence that the light ceased to function as a result of any negligence on the part of either of appellees; therefore, the only negligence, if any, which could be attributed to them would be their failure to repair the light, if they or one of their agents or servants observed, or, in the exercise of "proper care," could have observed its unlit condition. No evidence was introduced to indicate that appellees or any of their agents or servants actually knew the light had ceased to operate. Thus, appellant's right to have the case submitted to the jury depends on whether the evidence was sufficient for the jury to conclude the light had been out for such duration of time prior to the happening of the accident as to put appellees on constructive notice of the defect. The evidence conclusively shows the light was lit approximately two hours before, and that it was not lit at the time of, the happening of the accident; but the evidence does not even suggest at what moment in the two hour interval the light went off. It might have been two hours, two minutes, or two seconds before the accident. Had it been shown that the light went out two hours before the accident, we are of the opinion that the case should have been submitted to the jury. On the other hand, had it been shown that the light ceased to function but two seconds or two minutes before the hap-

pening of the accident, appellees, as a matter of law, would not have been negligent, since such length of time was not sufficient to impute notice to them. It is apparent, under the circumstances shown, if the case had been submitted to the jury, they would have been required to speculate as to the element of time in order to determine the question of negligence. Under such circumstances we ever have held a case should not be submitted to the jury. Whalen's Adm'x v. Sundell, 303 Ky. 752, 199 S. W. 2d 426.

Appellant relies on Anderson & Nelson Distilling Company v. Hair, 103 Ky. 196, 44 S. W. 658; Majestic Theater Co. v. Lutz, 210 Ky. 92, 275 S. W. 16; Magruder v. Columbia Amusement Company, 218 Ky. 761, 292 S. W. 341; Lyle v. Megerle, 270 Ky. 227, 109 S. W. 2d 598; Waddel's Adm'r v. Brashear, 257 Ky. 390, 78 S. W. 2d 31, 98 A. L. R. 553 and Eggen v. Hickman et al., 274 Ky. 550, 119 S. W. 2d 633. We believe neither of these cases to be in point. In the Anderson & Nelson Distilling Company and the Magruder cases there was a failure in each instance to provide an adequate lighting system. In the Majestic Theater case, the accident was caused by dangerously slick steps constantly maintained in that condition. In the Lyle case, there was evidence that the unsafe condition had existed for such period of time as to place defendant on constructive notice of the hazard. In the Waddel's Adm'r case, the negligence consisted of inviting persons to dive into water too shallow for the purpose. In the Eggen case, notice of an unsafe condition was imputed to the landlord whose duty it was to inspect the premises before showing it to a prospective tenant. Each of these cases distinguishes itself from the instant case, where installation was made for adequate lighting, but temporarily was out of order, but which fact, so far as the record shows, was not known nor could it have been known by appellees in the exercise of "proper care."

We are of the opinion that the Trial Court properly instructed the jury to find a verdict for appellees.

The judgment is affirmed.