**MILLER v. STRUCK CONST. CO.**

Court of Appeals of Kentucky.

Sept. 26, 1952.

Hargadon, Bennett & Lemaire, Louisville, for appellant.

Gavin Cochran, Louisville, for appellee.

MILLIKEN, Justice.

Appellant instituted this action to recover damages for injuries which he sustained as a result of stepping into an uncovered hole in a sidewalk constructed by appellee. At the conclusion of all the evidence the trial court sustained appellee's motion for a peremptory instruction and directed the jury to return a verdict accordingly, and the propriety of that instruction is the question on this appeal.

Appellee, as general contractor for the new Courier-Journal Building in Louisville, constructed the public sidewalk along the Sixth Street side of that structure. Before the concrete was poured, it built wooden forms at 75 foot intervals which, after the concrete was poured, formed openings for the placement of street light standards, which were to be erected later by the Louisville Gas & Electric Company. Each opening was covered by a ¾ inch thick plywood cover which was nailed to the wooden form surrounding the opening and to a wooden crossbar inside each form. The concrete was poured flush with the top of the covers, which resulted in one smooth integral expanse of sidewalk. After the sidewalk was completed and a portion of it opened to the public, the covers were inspected at intervals by appellee's employees to ascertain if they were in place.

On May 28, 1948, at about 7:40 p. m., the appellant, an employee of the American Express Company, parked his truck by the

sidewalk, got out of it on the right or street side and went into the Courier-Journal Building to ascertain where he was to deliver certain parcels. Subsequently he returned to his truck and got in on the left or curb side and, after procuring certain parcels, descended from the truck on the left or curb side and stepped into an uncovered light-standard hole. The area was dark and there was no flare or light in close proximity to the hole.

It is undisputed that the plywood cover over the hole was securely in place at 6:00 p. m. on the date of the accident, for it was inspected at that time by an employee of the appellee who testified that he tested the security of the cover by tapping it with his feet, and it is likewise undisputed that the appellee had no actual notice of the removal of the cover until after the accident. However, on one or two occasions prior to this accident the covers had been removed by unknown persons. Children played around the building, and appellee upon at least one occasion was compelled to call the police in order to get rid of them. The night watchman who was on duty the night of the accident testified that he did not see any children playing in the area that night.

Under this set of facts, the court below instructed the jury to find for appellee because: (1) The condition in question was not inherently dangerous; and (2) appellee did not have notice of the defect. The appellant takes the position that the sidewalk was inherently dangerous, and therefore appellee was liable even though it may not have had notice of the defect.

Both parties cite and rely upon the case of Jefferson Dry Goods Co. v. Dale, 257 Ky. 501, 78 S.W.2d 305, 306, wherein this court gave full consideration regarding the duties and responsibilities of an abutting owner or lessee who for his own benefit maintains a contrivance or instrumentality on the sidewalk. This court formulated, after an extensive review of authorities, the following rules:

"(a) When the abutting owner or his occupying lessee maintains on the sidewalk adjacent to the occupied building a contrivance for his use and benefit, and for which he has obtained a license from the city, either express or implied, and it is constructed in a reasonably safe manner and after a reasonably safe plan so as not to be an obstruction on the sidewalk when not in use (during which latter time it should be guarded and protected), he is charged with the duty to exercise ordinary care to maintain it in such reasonably safe condition, and which requires that he should have notice of the defect, either actual or constructive, and a reasonable time thereafter in which to repair it; but (b) when the dangerous contrivance after construction, or placement, is itself an obstruction or inherently dangerous to those having the right to use the way, it instantly becomes a public nuisance, and the one who created it is liable at all events to one who is injured and damaged by reason thereof when himself in the exercise of ordinary care. In that case the tort-feasor is entitled to no notice of the condition which his act has produced on the public way, because, having been constructed by him, or at his instance, in a manner to be inherently dangerous, he possessed knowledge of its character from the beginning. Under rule (a), if the injury here complained of had been produced because of some condition of nonrepair or some displacement of parts of the contrivance, defendant would be entitled to notice thereof either actual or constructive, as we have indicated, before liability would attach to it.

"Midway between those rules, and composed of some of the elements of both, a third one is evolved, and which is (c) that, although the maintained contrivance is so constructed as to be embraced by rule (a), yet if it, because of wear or other causes, becomes defective, its maintainer is required to repair it in a manner and fashion so as to preserve its original safety, and, if he should fail in that duty and substitute a dangerous device, plan or method for the defective part or parts, he thereby becomes burdened with a more vigilant

inspection in fulfilling his duty of exercising ordinary care, since the vigilance imposed by that phrase (ordinary care) corresponds with the dangers to be guarded against, including the probabilities and possibilities of the case. If the substituted contrivance is itself inherently dangerous, the duties imposed under rule (b), supra, become immediately effective. However, if the substituted part is not, as constructed, inherently dangerous, but is only more liable to become so than was true of the original part so substituted, then the maintainer is called upon to exercise increased vigilance and inspection corresponding with such increased danger."

Appellant contends that this case falls within rule (b), while appellee contends it falls within rule (a). In order to determine which rule is applicable, we must first give due consideration as to whether or not the condition involved was "inherently dangerous." In Majestic Theatre Co. v. Lutz, 210 Ky. 92, 275 S.W. 16, 20, we defined that expression as meaning "that in the end there inheres danger", and we defined the word "inhere" as meaning "existing in and inseparable from something else; sticking fast." "Inherently dangerous" has also been defined as "unusually hazardous." Vale v. Bonnett, D.C.Cir., 191 F.2d 334, 339. The Supreme Court of Missouri has held that the expression means "that danger inheres in the instrumentality or condition itself, at all times, so as to require special precautions to be taken with regard to it to prevent injury; instead of danger arising from mere casual or collateral negligence of others with respect to it under particular circumstances." Brown v. City of Craig, 350 Mo. 836, 168 S.W.2d 1080, 1082; Hull v. Gillioz, 344 Mo. 1227, 130 S.W.2d 623, 628.

In Fackrell v. City of San Diego, California, Cal., 157 P.2d 625, the Supreme Court of California held that a sidewalk should be made reasonably safe for ordinary use under circumstances which are normally to be anticipated, and if under any of them it will become unsafe because of its planned design, it is inherently dangerous.

A condition which is not inherently dangerous in the beginning may become so later on. In Majestic Theatre Co. v. Lutz, 210 Ky. 92, 275 S.W. 16, we held that even though marble steps are not inherently dangerous, they may be made so if constantly maintained in a glazed and slippery condition.

■ After considering all of the evidence in the instant case, we do not believe that it would justify a conclusion that the condition in question was inherently dangerous. The covers used were not just ordinary covers in the sense that an excavation is temporarily covered with boards or planks or other barricades, nor were they like manhole covers with removable caps. These covers were actually part of the sidewalk, and they were nailed to the wooden forms surrounding the hole as well as the wooden crossbars inside the form. Furthermore, they were flush with the sidewalk. The only reasonable inference that can be adduced from the evidence is that the cover over the hole in which the appellant fell was removed by some miscreant with the aid of a tool or instrument of some kind. Appellee had completely finished this job with respect to that part of the sidewalk where appellant fell and had no reason to tamper with the cover. Furthermore, the cover was inspected subsequent to the time the work crew quit for the day.

■ Having decided that the condition was not inherently dangerous, the next question is whether the appellee had such notice of the defect as to render it liable. Since the appellee admittedly had no actual notice, our problem is confined solely to the question of constructive notice. In Robison v. Loews & United Artists State Theatre, Inc., 311 Ky. 134, 223 S.W.2d 732, 733, a theatre patron ascended certain steps in order to find a seat at a time when certain lights were on, but when she started to descend the steps approximately two hours later, the light at the top step was out and she fell. This court said:

"Thus, appellant's right to have the case submitted to the jury depends on whether the evidence was sufficient for the jury to conclude the light had been

out for such duration of time prior to the happening of the accident as to put appellees on constructive notice of the defect. The evidence conclusively shows the light was lit approximately two hours before, and that it was not lit at the time of, the happening of the accident; but the evidence does not even suggest at what moment in the two hour interval the light went off. It might have been two hours, two minutes, or two seconds before the accident. Had it been shown that the light went out two hours before the accident, we are of the opinion that the case should have been submitted to the jury. On the other hand, had it been shown that the light ceased to function but two seconds or two minutes before the happening of the accident, appellees, as a matter of law, would not have been negligent, since such length of time was not sufficient to impute notice to them. It is apparent, under the circumstances shown, if the case had been submitted to the jury, they would have been required to speculate as to the element of time in order to determine the question of negligence. Under such circumstances we ever have held a case should not be submitted to the jury."

Our language in that case applies with equal force and vigor to the instant case. The evidence conclusively reveals that the hole was securely covered one hour and forty minutes before the accident, and that it was not covered at the time of the accident. However, the evidence does not suggest at what moment the hole was uncovered and if this case had been submitted to the jury, they would have been required to speculate as to the element of time in order to determine the question of negligence.

In our opinion this case falls within rule (a) as formulated by this court in Jefferson Dry Goods Co. v. Dale, 257 Ky. 501, 78 S.W.2d 305, because: (1) The condition was not inherently dangerous; (2) a license was presumably obtained from the City for the construction of the sidewalk; (3) the contrivance was constructed in a reasonably safe manner after a reasonably safe plan so as not to be an obstruction on the sidewalk; (4) the evidence reveals that the appellee exercised at least ordinary care to maintain the contrivance in a reasonably safe condition; and (5) appellee did not have actual or constructive notice of the defect before the accident.

The judgment is affirmed.